IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(JOHNSTOWN DIVISION)

| | |
|---|---|
| REBECCA LEDFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>GLOBAL TRANSPORTATION LLC and MUSA LIGIDOV,<br><br>    Defendants. | Civil Action No. 3-20-cv-00093<br><br><br>**ELECTRONICALLY FILED** |

## **AMENDED COMPLAINT IN CIVIL ACTION**

AND NOW, comes the Plaintiff, Rebecca Ledford, by and through her counsel, John E. Quinn, Esquire and Quinn Logue, LLC, and files this Amended Complaint in Civil Action averring the following in support thereof:

## **PROCEDURAL HISTORY**

1. Plaintiff filed her initial Complaint in Civil Action in the Court of Common Pleas of Clearfield County Pennsylvania at Case No.: 2020-541-CD on April 20, 2020.

2. The Defendants named in that Complaint were IMC Trans, Inc. and Musa Ligidov.

3. After further research, Plaintiff has revised her Complaint to reflect Global Transportation LLC as a Defendant rather than IMC Trans, Inc.

## **PARTIES**

4. Plaintiff, Rebecca Ledford, is an adult individual who currently resides at 2915 Jackson Street, Unit 1, City of Omaha, County of Douglas, State of Nebraska, 68105.

5. Defendant Global Transportation LLC ("Global") is a limited liability company, in good standing, registered and headquartered in the State of Colorado (Secretary of State Entity No.: 20131534033) with a registered principal place of business at 4500 South Monaco Street, Unit 1725, City of Denver, County of Denver, State of Colorado, 80237 and a registered mailing address of 820 South Monaco Parkway, Unit 213, City of Denver, County of Denver, State of Colorado, 80224.

6. Upon information and belief, Defendant Global Transportation LLC operates a general interstate transportation business and, as such, is registered with the United States Department of Transportation as a "Carrier" operating under USDOT No.: 02439316.

7. Defendant Global Transportation LLC was, at all times relevant hereto, acting by and through its duly authorized agents, servants, or employees who were then and there acting within the course and scope of their employment and scope of their authority including, but not limited to, Defendant Musa Ligidov.

8. Defendant Musa Ligidov is an adult individual currently residing at 250 174th Street, Apartment 712, City of Sunny Isles Beach, County of Miami-Dade, State of Florida, 33160.

9. At all relevant times hereto, Defendant Ligidov was acting as a servant, agent, employee, representative and/or otherwise within the course and scope of his employment of Defendant Global Transportation LLC and was operating a tractor/trailer owned by Defendant Global Transportation LLC during the events complained of herein.

**JURISDICTION & VENUE**

10. Jurisdiction in this District Court is proper pursuant to 28 U.S.C. § 1332 (a) as the amount in controversy is in excess of $75,000.00, exclusive of interests and costs, and the parties are citizens of different states.

11. Venue in the United States District Court for the Western District of Pennsylvania and, specifically the Johnstown Division, is appropriate as the accident and injuries alleged in this Complaint occurred wholly within the territorial limits of Clearfield County.

### **FACTUAL BACKGROUND**

12. Plaintiff is a self-employed tractor/trailer driver. She has been driving for approximately forty years.

13. On July 16, 2019 at or around 6:12 P.M., Plaintiff was operating her 2003 Freightliner tractor/trailer (VIN No.: 1FUJAPAV33LL89166) along Interstate-80 in Sandy Township, County of Clearfield, Commonwealth of Pennsylvania. Plaintiff was wearing her lap and shoulder belt as required by law.

14. Plaintiff was travelling in an eastbound direction on Interstate-80 in the right, or slower lane of travel, near Mile Marker 97, when she came to a stop due to traffic that was backed up in front of her.

15. At the aforementioned time and place, Defendant Ligidov, who is also a tractor/trailer driver, was operating a 2010 Peterbilt tractor/trailer (VIN No.: 1XP7D49XXAD103381) for Defendant Global Transportation LLC in an eastbound direction on Interstate-80.

16. Defendant Ligidov suddenly, and without warning, struck and collided with the rear of Plaintiff's stopped tractor/trailer, causing Plaintiff to be thrown about in the drivers compartment of her tractor/trailer and to sustain personal injuries which are further enumerated below.

17. Trooper Jason Perry from the Pennsylvania State Police responded to the accident at 6:30 PM.

18. Trooper Perry filed a report which demonstrates that, at the time of the accident:

    a. Plaintiff was wearing her seatbelt;

    b. No adverse weather conditions existed;

    c. The road surfaces were dry;

    d. Daylight illumination existed;

    e. Both the First Harmful and Most Harmful Events in the Crash were caused by Defendant Ligidov crashing into Plaintiff; and

    f. Defendant Ligidov was driving too fast for the conditions.

19. As a result of the accident, Plaintiff was transported to Penn Highlands DuBois Hospital in DuBois, Pennsylvania.

20. At all times relevant hereto, Defendant Ligidov was an authorized driver of Defendant Global Transportation LLC's tractor/trailer and, as such, was required to comply with all applicable state and federal safety regulations, including the standards set forth under the Commercial Driver's License Program (CDL), The Pennsylvania Vehicle Code (75 Pa. C.S.A.), and the Federal Motor Carrier Safety Administration (49 C.F.R. 300-399) which set forth the heightened requirements to operate a commercial vehicle and identify the specific knowledge and skills to perform his work in a safe and legal manner on all roadways and, in this case, the roadways of the Commonwealth of Pennsylvania.

21. At all material times relevant hereto, Defendant Ligidov did not comply with the standards set forth under the aforementioned state and federal regulations.

## COUNT I-NEGLIGENCE
*Plaintiff v. Defendant Musa Ligidov*

22. Plaintiff incorporates by reference the averments made in paragraphs 1 through 21, inclusive, as though set forth fully herein.

23. Plaintiff did not, in any way, contribute to the accident which occurred on July 16, 2019.

24. As the driver/operator of a commercial vehicle, Defendant Ligidov was required to comply with all applicable safety regulations while driving his tractor/trailer.

25. At all times relevant hereto, Defendant Ligidov was subject to and required to obey the minimum safety standards as promulgated by the Federal Motor Carrier Safety Administration (FMCSA) as set forth in the Federal Motor Carrier Safety Regulations codified at 49 CFR §§ 300-399.

26. 49 CFR § 383, "Commercial Driver's License Standards," sets forth a series of standards. Specifically, § 383.111, "Required Knowledge," provides in relevant part that a commercial vehicle operator must, at all times, have knowledge of safe operation regulations, basic control, visual search, speed management, hazard perceptions, emergency maneuvers, and fatigue and awareness.

27. Additionally, 49 CFR § 392.1 sets forth that all motor carriers, its officers, agents, representatives, and employees are responsible for complying with CFR § 392, generally. 49 CFR §392.2 further sets forth that all commercial motor vehicles must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated.

28. The accident on July 16, 2019 occurred within the confines of the Commonwealth of Pennsylvania. As such, Defendant Ligidov was required by federal law to comply with the laws

of the Commonwealth of Pennsylvania while operating his tractor/trailer for Defendant Global Transportation LLC.

29. The Pennsylvania Vehicle Code, 75 Pa. C.S.A. §3361, provides that "no person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead."

30. The Pennsylvania Vehicle Code, 75 Pa. C.S.A. § 3714(a), provides that "any person who drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving."

31. The Pennsylvania Vehicle Code, 75 Pa. C.S.A. § 3736(a), provides that "any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving."

32. Defendant Ligidov's actions on July 16, 2019 constitute negligence per se under both federal laws and the Pennsylvania Vehicle Code.

33. But for Defendant Ligidov's negligent driving, Plaintiff would not have been struck at a high rate of speed and force from behind, thus resulting in her injuries.

34. All of the resultant losses, damages, and injuries sustained by Plaintiff were the direct and proximate result of the negligence of the Defendant Global Transportation LLC, acting by and through its duly authorized agent, servant, or employee Defendant Ligidov, and Defendant Ligidov, individually, in the following particulars:

    a. In operating the Defendant Global's tractor/trailer at an excessive rate of speed under the circumstances;

    b. In choosing to operate the Defendant Global's tractor/trailer in an unsafe manner;

    c. In failing to pay attention to the roadway in front of him as he approached the Plaintiff's tractor/trailer;

    d. In failing to obey signs or indications that traffic was slowing down in front of him;

    e. In failing to adhere to the Assured Clear Distance rule existing under Pennsylvania law;

    f. In failing to obey relevant provisions of The Pennsylvania Motor Vehicle Code;

    g. In failing to obey relevant provisions of the FMSCR including 49 CFR §383.111 relating to basic control, space management, speed management, and emergency maneuvers;

    h. In failing to yield the right-of-way to the Plaintiff's tractor/trailer;

    i. In operating said vehicle while fatigued; and

    j. In operating said vehicle in violation of Federal law and regulations regarding time spent driving in a particular period of time.

35. As a direct and proximate result of the foregoing, Plaintiff sustained injuries to her ankle (specifically, a fracture requiring an open reduction and internal fixation), left hip, back, knee, and to the muscles, tissues, and ligaments extending in and about the aforementioned portions of her body which also may have been strained, torn, and/or dislocated, all of which injuries are or may be permanent in nature.

36. As a result of the foregoing, Plaintiff has been forced to incur expenses for medical services, both past and future.

37. As a result of the foregoing, Plaintiff has sustained a loss of earnings and/or of earnings capacity, both past and future.

38. As a result of the foregoing, Plaintiff has sustained a loss of the enjoyment of life and/or life's pleasures.

39. As a result of the foregoing, Plaintiff has sustained pain, suffering, and inconvenience.

40. As a result of the foregoing, Plaintiff has sustained significant scarring, which will be permanent in nature.

WHEREFORE, Plaintiff, REBECCA LEDFORD requests that this Honorable Court enter judgment in her favor and against Defendants, individually, jointly and/or severally, for damages relating to medical expenses, lost earnings, the loss of life's pleasures, pain, suffering, inconvenience, together with any other such relief that this Honorable Court may deem just or necessary.

## **COUNT II-VICARIOUS LIABILITY**
*Plaintiff v. Defendant Global Transportation LLC*

41. Plaintiff incorporates by reference the averments made in paragraphs 1 through 40, inclusive, as though set forth fully herein.

42. For all acts, omissions, and violations of state and federal laws for which Defendant Musa Ligidov is liable, Defendant Global Transportation LLC is vicariously liable for his acts and omissions as his employer, principal, and/or master. Defendant Global Transportation LLC is further liable to Plaintiff for its own acts including:

   a. Entrusting a tractor/trailer to Defendant for the purposes of driving and operating it;

   b. Failing to take reasonable precautions to prevent Defendant Ligidov to drive a tractor/trailer when Defendant Global Transportation LLC knew or should have known that Defendant Ligidov would operate said tractor/trailer in a manner that would violate 75 Pa. C.S.A. § 3714(a), related to careless driving.

   c. Failing to take reasonable precautions to prevent Defendant Ligidov to drive a tractor/trailer when Defendant Global Transportation LLC knew or should have known that Defendant Ligidov would operate said tractor/trailer in a manner that would violate 75 Pa. C.S.A. § 3736 related to reckless driving.

    d. Failing to properly train or supervise its agents, servants, or employees including, but not limited to, Defendant Ligidov;

    e. Negligently creating an unreasonable schedule or failing to create a reasonable schedule so that Defendant Ligidov was not required to maintain an excessive rate of speed to conform to said unreasonable schedule;

    f. Negligently creating an unreasonable schedule or failing to create a reasonable schedule so that Defendant Ligidov was not required to operate his tractor/trailer in a manner where he was impaired, tired, or not awake/alert; and

    g. Failing to install or utilize technology to alert, awaken, or warn Defendant Ligidov of an impending collision.

43. At all relevant times hereto, Defendant Ligidov was acting in the course and scope of his employment with Global Transportation LLC. At no point was he on a detour of his own.

44. As a direct and proximate result of the foregoing, Plaintiff sustained injuries to her ankle (specifically, a fracture requiring an open reduction and internal fixation), left hip, back, knee, and to the muscles, tissues, and ligaments extending in and about the aforementioned portions of her body which also may have been strained, torn, and/or dislocated, all of which injuries are or may be permanent in nature.

45. As a result of the foregoing, Plaintiff has been forced to incur expenses for medical services, both past and future.

46. As a result of the foregoing, Plaintiff has sustained a loss of earnings and/or of earnings capacity, both past and future.

47. As a result of the foregoing, Plaintiff has sustained a loss of the enjoyment of life and/or life's pleasures.

48. As a result of the foregoing, Plaintiff has sustained pain, suffering, and inconvenience.

49. As a result of the foregoing, Plaintiff has sustained significant scarring, which will be permanent in nature.

WHEREFORE, Plaintiff, Rebecca Ledford requests that this Honorable Court enter judgment in her favor and against Defendants, individually, jointly and/or severally, for damages relating to medical expenses, lost earnings, the loss of life's pleasures, pain, suffering, inconvenience, for a sum in excess of seventy five thousand ($75,000.00) dollars.

### JURY DEMAND

50. Plaintiff Rebecca Ledford requests a trial by jury.

                                        Respectfully submitted,
                                        QUINN LOGUE LLC

                                        */s/ John E. Quinn*
                                        John E. Quinn, Esquire
                                        Quinn Logue, LLC
                                        Pa. ID No. 23268
                                        jquinn@quinnlogue.com

                                        200 First Avenue, Third Floor
                                        Pittsburgh, PA 15222
                                        T: (412) 765-3800
                                        F: (866) 480-4630

                                        *Counsel for Plaintiff*

Dated: January 15, 2021